William P. Allen: 011161
**ALLEN LAW FIRM LLC**
61 West Willetta St.
Phoenix, AZ 85003
Telephone: (602) 478-5269
Email:   ballen@azbar.org

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Dominique Rose,<br>　　　　　Plaintiff,<br><br>v.<br><br>Dalton Corporation d/b/a Chica's Cabaret, Regina Scott, Phillipe Howery, and Jose Navaoruz<br><br>　　　　　Defendants | Case No.:  2:15-cv-02562<br><br>**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE** |

　　　　In accordance with the Court's order of March 22, 2017, the parties jointly move for approval of the parties' settlement as a fair and reasonable compromise under the circumstances, and further, stipulate to the dismissal of this action.

　　　　This motion is supported by the attached memorandum of points and authorities and incorporated pleadings on file.

　　　　THEREFORE, Plaintiff and Defendants request that the Court approve their compromise and dismiss this action with prejudice, with all parties to bear their own fees and costs in the form of order attached and incorporated by reference.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Thirty five years ago, the Eleventh Circuit Court of Appeals identified a legal cloud over enforceability of Fair Labor Standards Act settlements in the course litigation, stating,

> "[C]ompromises of FLSA back wage or liquidated damages [action] may [only] be allowed [pursuant to] a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."

*Lynn's Food Stores v. United States*, 679 F. 2d 1350, 1355 (11th Cir. 1982); *but see, Martin v. Spring Break `83 Productions, L.L.C.* 688 F.3d 247 (5th Cir. 2012) (court approval in litigated FLSA case not required).

Recognizing the threat an unenforceable settlement contract poses to the finality of litigation and repose of the litigants, many district courts throughout the country, including those in the Ninth Circuit, have since required parties to submit settlement details for scrutiny prior to dismissal of FLSA claims.  *E.g.*,  *Selk v. Pioneers Memorial Healthcare Dist.*, 159 F.Supp.3d 1164 (S.D. Cal. 2016).

While different legal tests exist to determine if a FLSA settlement presents "a fair and reasonable resolution of a bona fide dispute," the focus is on the particular circumstances of the matter at hand *at the time the settlement is submitted. Id. at* 1172-73.  This analysis includes the stage of the proceedings, the strength or weakness of plaintiff's case, the views of counsel, and the possibility of fraud or collusion. *Id.*

In this case, plaintiff asserted overtime and minimum wage claims based on the FLSA, and state law wage claims based on the same allegations. (Complaint, Doc#1).  Defendants' motion for summary judgment (Doc#25) was pending when settlement was reached.  That motion primarily argued that Dalton Corporation's annual gross revenues failed to qualify it as an enterprise covered by the FLSA.

The parties, by counsel, agreed that Defendants' motion would be difficult for Plaintiff to overcome, and even then, lead to an uncertain trial.  After negotiation, the Defendants agreed to pay Plaintiff $1,200 in return for a stipulation to dismiss this action with prejudice, all parties to bear their own costs and fees.  In addition, Plaintiff's counsel has agreed with Plaintiff not to take any portion of the recovery as an attorneys' fee and instead will only recoup costs in the amount of $406.74.  As such, Plaintiff's recovery will be $793.26.

In a case like this, where (1) there is no ongoing relationship between the parties, (2) relevant limitations have expired, and (3) no question of confidential or protected information exists, the parties agreed the principles of *res judicata* offered sufficient protection and no written settlement "agreement" is required.

Counsels, who have experience in FLSA matters, certify that the settlement was secured without fraud or collusion, and believe it to be fair and reasonable under the circumstances presented in this action.

THEREFORE, the parties request that the Court approve their compromise and dismiss this action with prejudice, with all parties to bear their own fees and costs.

**DATED THIS 19th DAY OF April, 2017**

| | |
|---|---|
| BENDAU LAW FIRM LLC | ALLEN LAW FIRM LLC |
| /s/ Clifford J. Bendau | /s/ William P. Allen |
| P.O. Box 97066 | 61 W. Willetta St. |
| Phoenix, AZ 85060 | Phoenix, AZ 85003 |
| Attorney for Plaintiff | Attorney for Defendants |

I hereby certify that on April 19, 2017, I electronically filed this document with the Arizona District Court Clerk

By: /s/ William P. Allen