# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Dominique Rose, | No. CV-15-2562-PHX-SMM |
| Plaintiff, | |
| v. | **ORDER** |
| Dalton Corporation, d/b/a Chicas Cabaret, et al., | |
| Defendants. | |

Pending before the Court is the parties' joint motion for approval of settlement agreement and dismissal with prejudice of claims by Plaintiff Dominique Rose. (Doc. 35.)

Under the reasoning set forth in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982), there are only two ways in which back wage claims under the FLSA can be settled or compromised by employees.[1] One, pursuant to 29 U.S.C. § 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owing to them. Id. at 1353. The second way is provided in the context of litigation brought directly by employees against their employer pursuant to § 216(b) to recover back wages. Id. When an employee brings a private action for back wages and presents to the district court a proposed settlement, the district court "may enter a stipulated judgment after

---

[1] While the Ninth Circuit has not specifically addressed this issue, district courts in the Ninth Circuit have followed the reasoning set forth in Lynn's Food Stores. See, e.g., Ambrosino v. Home Depot U.S.A., Inc., No. CV 11-1319, 2014 WL 3924609 (S.D. Cal. Aug. 11, 2014); Hand v. Dionex Corp., No CV 06-1318, 2007 WL 3383601 (D. Ariz. Nov. 13, 2007).

scrutinizing the settlement for fairness." Id.

Outside of the FLSA context, the Court normally does not rule on a private settlement agreement negotiated between the parties. However, because this is an FLSA action against Defendants, the parties must seek approval of their settlement in order to ensure its enforceability. The Court may approve the settlement if it is a fair and reasonable compromise of the issues.

After negotiation, the Defendants agreed to pay Plaintiff $1,200 in return for a stipulation to dismiss this action with prejudice, all parties to bear their own costs and fees. In addition, Plaintiff's counsel has agreed with Plaintiff not to take any portion of the recovery as an attorney's fee and instead will only recoup costs in the amount of $406.74. As such, Plaintiff's recovery will be $793.26.

The Court has reviewed the proposed settlement for $1,200 and finds that the settlement is a fair and reasonable resolution of the issues. Plaintiff faced the difficulty of attempting to establish that Defendants' annual gross revenues qualified it as an enterprise covered by the FLSA. Therefore, the Court will approve the settlement between the parties and enter a stipulated judgment of dismissal of this case.

Accordingly,

**IT IS HEREBY ORDERED** granting the parties' joint motion for approval of the settlement reached between Defendants and Plaintiff Dominique Rose. The Clerk of Court shall dismiss the claims of Plaintiff with prejudice, and terminate this litigation, the settlement resolving all associated attorney's fees and costs. (Doc. 35.)

**IT IS FURTHER ORDERED** denying as moot Defendants' motion to dismiss counts/claims (Doc. 20) and Defendants' motion for summary judgment (Doc. 25).

DATED this 24th day of April, 2017.

Stephen M. McNamee
Senior United States District Judge